[845 NYS2d 759]

In the Matter of Sigmund V. Mazur, an Attorney, Respondent. Grievance Committee for the Ninth Judicial District, Petitioner.

Second Department, November 27, 2007

### APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Forrest Strauss* of counsel), for petitioner.

*Sigmund V. Mazur*, Hyde Park, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The respondent avers that his resignation is submitted freely and voluntarily, that he is not being subjected to any coercion or duress, and that he is fully aware of the implications of submitting a resignation. The respondent acknowledges that the Court has authorized a disciplinary proceeding against him on the basis of a petition dated May 25, 2006, which contains five charges of professional misconduct.

The respondent concedes his inability to successfully defend himself on the merits against the charges contained in the petition, including the allegation that he owes former client James Montague the sum of $1,525.74 in undisbursed proceeds from the sale of his property.

The respondent is aware that, pursuant to Judiciary Law § 90 (6-a), to the extent that any funds held by him in a fiduciary capacity for any third parties may not be accounted for, the Court, in any order permitting him to resign, could require that he make monetary restitution to any persons whose money or property was misappropriated or misapplied, or that he reimburse the New York Lawyers' Fund for Client Protection. The respondent further acknowledges that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee for the Ninth Judicial District joins in the respondent's request that the resignation be accepted in the interests of preserving time and court resources.

Inasmuch as the proffered resignation comports with 22 NYCRR 691.9, it is accepted, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and KRAUSMAN, JJ., concur.

Ordered that the resignation of the respondent, Sigmund V. Mazur, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Sigmund V. Mazur, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Sigmund V. Mazur, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Sigmund V. Mazur, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Sigmund V. Mazur, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the disciplinary proceeding authorized by decision and order on motion of this Court dated May 15, 2007, is discontinued.